

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-6434
Re:  Payment of costs and com-
     missions to delinquent tax
     attorney when property pur-
     chased by State.

We are in receipt of your recent communication re-
questing the opinion of the department on the above stated
matter.  We quote from your letter as follows:

"I am attaching hereto a letter from Mr. A. T.
Zellers, Attorney-at-Law, Weatherford, Texas, in
which there are propounded to this Department cer-
tain technical questions with reference to fees
accruing under a delinquent tax contract.

"I shall thank you to advise this Department
the proper reply to make to this letter when answer-
ing Mr. Zellers."

The letter addressed to you from Mr. A. T. Zellers,
reads, in part, as follows:

"During the past two years I acted in the
capacity of Attorney for the collection of delin-
quent taxes in Young County and Parker County,
Texas.  There were various foreclosure sales un-
der which the property was purchased by the State
of Texas as provided by law in such cases.  The
court costs in these cases have not been paid.
Neither has the commission due me as attorney's
fees.

"The property is now subject to resale by
the State as the two years has elapsed from the
date of the original sale.  This is true in some
instances.  There are some other cases in which
the two years will not expire until August of 1945.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George H. Sheppard, Page 2

"I am not now acting and will not act in the capacity for attorney for the State in the handling of delinquent taxes in either county. I would therefore appreciate it if you would advise me as to the following questions:

"1. Is the court costs and commission due the attorney in such cases payable immediately after original foreclosure sale?

"2. If it is not payable after the original foreclosure sale then when is it payable and if payable by whom should the payment be made.

"3. Will I be entitled to collect the commissions in the event of resale made after the six months period has expired beginning January 1, 1945.

"In other words I would like to know whether or not in the event these properties are resold after the six months has expired during which I have the time of winding up all suits and litigation, am I entitled to be paid the commission and if so by whom is it to be paid.

". . . ."

Also, among other items, you enclosed a copy of the uniform delinquent tax contract between Young County and A. F. Zellers, which, due to its great length, we shall not quote herein.

Section 9, Article 7345b, V. A. C. S., in part, provides:

"If the property be sold to any taxing unit which is a party to the judgment under decree of court in said suit, the title to said property shall be bid in and held by the taxing unit purchasing same for the use and benefit of itself and all other taxing units which are parties to the suit and which have been adjudged in said

suit to have tax liens against such property, pro
rata and in proportion to the amount of the tax
liens in favor of said respective taxing units as
established by the judgment in said suit, and costs
and expenses shall not be payable until sale by
such taxing unit so purchasing same, and such
property shall not be sold by the taxing unit
purchasing same for less than the adjudged value
thereof or the amount of the judgments against
the property in said suit, whichever is lower,
without the written consent of all taxing units
which in said judgment have been found to have
tax liens against such property; and when such
property is sold by the taxing unit purchasing
same, the proceeds thereof shall be received
by it for account of itself and all other said
taxing units adjudged in said suit to have a
tax lien against such property, and after
paying all costs and expenses, shall be distri-
buted among such taxing units pro rata and in
proportion to the amount of their tax liens
against such property as established in said
judgment. . . .

"Provided that if sale has not been made by
such purchasing taxing unit before six months
after the redemption period provided in Section
12 hereof has expired, it shall thereafter be
the duty of the Sheriff upon written request
from any taxing unit who has obtained a judg-
ment in said suit, to sell said property at
public outcry to the highest bidder for cash
at the principal entrance of the courthouse
in the county wherein the land lies, after
giving notice of sale in the manner now pre-
scribed for sale of real estate under execution.
. . . . The Sheriff shall apply the proceeds
from such sale, first, to the payment of all
costs in said unit and all costs and expenses
of sale and resale and all attorney's fees and
reasonable expenses taxed as costs by the Court
in said suit and shall distribute the balance

Honorable George H. Sheppard, Page 4

among the taxing units participating in said original judgment pro rata and in proportion to the amount of their tax liens against such property as established in said judgment."

Article 7332, V. A. C. S., in part, provides:

". . . .

"In all cases, the compensation of said Attorney shall be Two ($2.00) Dollars for the first tract and One ($1.00) Dollar for each additional tract up to four (4), but said fee in no case to exceed Five ($5.00) Dollars. . . ."

Article 7333, V. A. C. S., provides:

"In each case such fees shall be taxed as costs against the land to be sold under judgment for taxes, and paid out of the proceeds of sale of same after the taxes, penalty and interest due thereon are paid, and in no case shall the State or county be liable therefor."

Article 7335, V. A. C. S., provides:

"Whenever the commissioners court of any county after thirty days written notice to the county attorney or district attorney to file delinquent tax suits and his failure to do so, shall deem it necessary or expedient, said court may contract with any competent attorney to enforce or assist in the enforcement of the collection of any delinquent State and county taxes for a per cent on the taxes, penalty and interest actually collected, and said court is further authorized to pay for an abstract of property assessed or unknown and unrendered from the taxes, interest and penalty to be collected on such lands, but all such payment and expenses shall be contingent upon the collection of such taxes, penalty and interest. It shall be the duty of the county attorney, or of the district attorney, where there is no county attorney, to actively assist any person with whom such contract is made, by filing and pushing to a

speedy conclusion all suits for collection of de-
linquent taxes, under any contract made as herein
above specified; provided that where any district
or county attorney shall fail or refuse to file
and prosecute such suits in good faith, he shall
not be entitled to any fees therefrom, but such
fees shall nevertheless be collected as a part
of the costs of suit and applied on the payment of
the compensation allowed the attorney prosecuting
the suit, and the attorney with whom such contract
has been made is hereby fully empowered and author-
ized to proceed in such suits without the joinder
and assistance of said county or district attorneys."

In view of the facts submitted, and after careful-
ly considering the pertinent statutory provisions and the
terms of the contract submitted, you are advised that the
costs and commissions referred to will not be payable until
the property is sold by the taxing unit. When such property
is sold in the manner provided by law, the Sheriff shall then
apply the proceeds first to the payment of expenses, fees,
etc., which have been taxed as costs, to which various par-
ties may be entitled, and he shall distribute the balance
among the taxing units pro rata and in proportion to their
tax liens against said property. With reference to the State
and County as taxing units, it is our opinion that the pro-
portionate amount remaining to the credit of the State and
County after costs have been paid, should be paid to the
County Tax Assessor and Collector. When the delinquent
tax attorney has filed suit during the term of the contract
and secures a judgment on said suit in the trial court
within six months from the termination date of the contract,
we think that said attorney has established his interest in
the proceeds of said judgment, and that at such time as the
taxing unit actually collects the money on said judgment
secured by the efforts of said attorney, he is entitled to
receive his percentage (10%) of the money actually collected,
less such amount, if any, that may have been applied on his
compensation in the form of fees taxed as costs, under the
provisions of Article 7335. After the costs have been paid
and the County and State's pro rata amount of the money from
the judgment has been received, such amount of commission
as may be due to the delinquent tax attorney should be paid
to said attorney by the County Tax Assessor and Collector
and should be properly accounted for in the Tax Assessor
and Collector's monthly report.

Honorable George H. Sheppard, Page 6

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

J. A. Ellis
Assistant

JAE:ddt

